FILED
JAN 10 2025
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**AFFIDAVIT**

2:25mj4

I, Jennifer Ho, Special Agent with the Bureau of Alcohol, Tobacco, and Firearms (ATF), United States Department of Justice, having been duly sworn, depose and state that:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have served in that capacity since August 2021. I am currently assigned to the Norfolk Field Office and charged with investigating violations of federal firearms, explosives, and arson laws. I am a graduate of both the Criminal Investigator Training Program and the ATF National Academy. At the ATF National Academy, I received specialized training in firearms, arson, explosives, and narcotic-related crimes.

2. I am a law enforcement officer of the United States empowered by law to conduct investigations and to make arrest for offenses enumerated in 18 U.S.C. § 2516. I have participated in numerous arrests, search warrants, controlled purchases, controlled deliveries of evidence, and complex investigations that involve drug organizations, unlawful possession and/or use of firearms, and persons who have possessed and distributed controlled substances for financial gains while in possession of firearms.

3. The statements in this affidavit are based in part on my investigation of this matter and on information provided by other law enforcement officers/agents. Because this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation.

## II. PROBABLE CAUSE

4. Through my own investigation, and through members of the investigative team, I have learned the following facts:

5.  In early 2024, a Portsmouth Police Department (PPD) confidential informant (CI-1) identified Rolondo Lavar Moody (MOODY) as a source of supply for firearms and narcotics in Portsmouth, VA.

6.  Between the months of June 2024 through September 2024, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) utilized a separate confidential informant (CI-2) to conduct a total of six (6) controlled purchases of firearms and fentanyl from MOODY.

7.  On June 25, 2024, ATF utilized CI-2 to complete a purchase from MOODY of a Smith & Wesson, model M&P 40, .40 caliber (SN: JEV4202) semi-automatic pistol and a Taurus, model PT 24/7 Pro, .45 caliber (SN: NYL65263) semi-automatic pistol. During this controlled purchase, MOODY advised CI-2 that he distributes fentanyl and has access to numerous firearms. CI-2 told MOODY that he/she is involved in weapons trafficking and sells cocaine. CI-2 also told MOODY that he/she will want to purchase fentanyl from MOODY in the future for personal use and to sell.

8.  On July 12, 2024, ATF utilized CI-2 to complete a purchase from MOODY of a Romarm/Cugir, model Micro Draco, 7.62x39 mm caliber (SN: 21PMD27581) semi-automatic pistol.

9.  On July 25, 2024, ATF utilized CI-2 to complete a purchase from MOODY of a Smith & Wesson, model M&P 45 Shield, .45 caliber (SN: HUB1178) semi-automatic pistol and a Taurus, model PT99AF, 9 mm caliber (SN: TJH55849) semi-automatic pistol.

10. On August 9, 2024, ATF utilized CI-2 to complete a purchase from MOODY of a Wilson Combat, model Tactical Custom, 5.56 caliber (SN: WCR0325) semi-automatic rifle. During this controlled purchase, an individual identified as Kievon Whitehurst was observed transferring the firearm to MOODY, who then sold it to CI-2.

11. All of firearms purchased and received from MOODY during the controlled purchases referenced in this affidavit are firearms as defined in Title 18, United States Code, Section 921(a)(3) and were manufactured outside the Commonwealth of Virginia. Therefore, each of the firearms had previously traveled in interstate commerce.

12. I obtained MOODY's criminal history and determined that, prior to June 25, 2024, he had multiple prior convictions in the City of Portsmouth Circuit Court for crimes punishable by imprisonment for a term exceeding one year.

13. On March 16, 2021, MOODY was granted restoration of his political rights, to include the right to vote, by the governor of Virginia. In the grant order, it specifies that MOODY has not received restoration of his right to ship, transport, possess, or receive firearms.

14. On September 19, 2024, ATF Task Force Officer M. Bouchard contacted the Portsmouth Circuit Court Clerk's Office, the sole jurisdiction of each of MOODY's prior felony convictions, and confirmed that MOODY has not had his rights to possess a firearm restored.

### III. CONCLUSION

15. Based on the facts contained herein, combined with the training and experience of the investigative team, I conclude that there is probable cause to believe that Rolondo Lavar Moody did knowingly and intentionally possess a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8), Possession of a Firearm by Felon. I request that the Court authorize and issue an arrest warrant for Rolondo Lavar Moody for this offense.

Further your affiant sayeth naught.

_____
Jennifer Ho, Special Agent
Bureau of Alcohol, Tobacco, and Firearms (ATF)

Sworn and subscribed to before me this 10th day of January 2025.

_____
UNITED STATES MAGISTRATE JUDGE

Read and Reviewed:

_____
Marc W. West
Special Assistant United States Attorney
Kristin G. Bird
Assistant United States Attorney

4